UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

CRYSTAL HARRIS,

    Plaintiff,

v.

CELLCO PARTNERSHIP D/B/A
VERIZON WIRELESS,

    Defendant.
_____/

CASE NO.: 1:20 CV 22890

**COMPLAINT**
**Plaintiff Demands a Trial by Jury**

Plaintiff, CRYSTAL HARRIS, through her counsel, hereby complains of the Defendant CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, and alleges as follows:

**NATURE OF CASE**

1. Plaintiff complains pursuant to 42 U.S.C. § 1981 ("§ 1981"), Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"); and the Florida Civil Rights Act of 1992, Section 760.10 *et seq*. ("FCRA") and seeks damages to redress the injuries Plaintiff suffered as a result of being exposed to race discrimination, color discrimination, sex/gender discrimination, sexual orientation discrimination, hostile work environment, retaliation, intentional infliction of emotional distress, and negligent retention.

2. This action is to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination and harassment against Plaintiff because of her race, color, sex/gender and sexual orientation, Defendants' retaliation against Plaintiff because of her persistent complaints of discrimination, and Plaintiff's unlawful termination.

## JURISDICTION AND VENUE

3. This is an action for monetary damages relief pursuant to § 1981, Title VII, and FCRA § 760.10.

4. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under § 1981 and Title VII.

5. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because Defendants were located in this judicial district, and a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## PROCEDURAL REQUIREMENTS

7. Plaintiff has complied with all statutory prerequisites to file this action.

8. On or around June 6, 2019, Plaintiff dual filed her charge with the Equal Employment Opportunity Commission ("EEOC"), Case number 10186854 and EEOC Charge Number: 510-2019-02255

9. An EEOC filing automatically operates as a dual FCHR filing.

10. On or around March 14, 2020, Plaintiff received the EEOC's Right to Sue Letter in reference to her EEOC charge.

11. Due to COVID-19 and other circumstances, an agreement was made between Plaintiff and Defendant to toll the deadline to file this complaint. Thereafter, Plaintiff timely filed this complaint.

## PARTIES

12. At all material times, Plaintiff CRYSTAL HARRIS, (hereinafter referred to as "Plaintiff" or "FLORENCE") is an individual African American and black woman who is currently a resident of the State of Florida.

13. At all material times, Plaintiff identifies as a Lesbian.

14. At the time of the facts giving rise to this complaint, Plaintiff, FLORENCE lived in Miami-Dade, Florida.

15. At all material times, Defendant CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS (hereinafter referred to as "Defendant" or "VERIZON") is a foreign profit corporation duly existing by the virtues and laws of the State of Florida that does business in the State of Florida.

16. At all material times, Defendant VERIZON is a corporation duly existing by the virtues and laws of the State of New Jersey and does business in the State of Florida.

17. At all material times, VERIZON employed the Plaintiff, FLORENCE and in the state of Florida and while living in Miami-Dade County.

18. At all material times, CHASE CHIAMARDAS and BRANDON POE were VERIZON Managers, and was Plaintiff's Supervisors.

## STATEMENT OF FACTS

19. At all material times, VERIZON is an American telecommunications company which offers wireless products and services.

20. In or around June 2014, VERIZON hired Plaintiff and she began working for VERIZON in Alabama.

21. In or around June 2018, VERIZON promoted Plaintiff and transferred her from a store in Huntsville, Alabama to Florida. This promotion was a part of the company's Women of Wireless in Leadership Development Program.

22. At all material times before this move, Plaintiff had an excellent employment record with no significant history of disciplinary, attendance or performance issues.

23. In June 2018, once Plaintiff transferred to her new Florida location, she worked as a Solutions Manager.

24. At all material times, Plaintiff was the only black female and only black LGBTQ female in the new Florida location she worked from. Moreover, there were few females in leadership roles she worked along side.

25. At all material times, CHASE CHIAMARDAS was one of Plaintiff's Supervisor while working for VERIZON. He was a white male employee and understood to be heterosexual.

26. At all material times, ANDREW SHEETS was one of Plaintiff's Supervisor while working for VERIZON. He was a white male employee and understood to be heterosexual.

27. At all material times, VERNON EARLY was one of Plaintiff's Supervisor while working for VERIZON. He was a white male employee and understood to be heterosexual.

Case 1:20-cv-22890-XXXX   Document 1   Entered on FLSD Docket 07/13/2020   Page 4 of 19

28. At all material times, LASAUN DAVIS was one of Plaintiff's Supervisor while working for VERIZON. He was an African-American male employee and understood to be heterosexual.

29. At all material times, BRANDON POE was one of Plaintiff's Supervisor while working for VERIZON. He was a white male employee and understood to be heterosexual.

30. At all material times, JORGE ZAPATA was one of Plaintiff's Supervisor while working for VERIZON. He was a Hispanic male employee and understood to be heterosexual.

31. At all material times, KWAME TROTAN was one of Plaintiff's Supervisor while working for VERIZON. He was an African-American male employee and understood to be heterosexual.

32. The above men, CHIAMARDAS, SHEETS, EARLY, DAVIS, POE, ZAPATA, and TROTAN are hereinafter referred to as the "comparators."

33. Because of her race, color, sex, and sexual orientation, VERIZON routinely subjected Plaintiff to overly strict reprimands for failing to come into the store on time. In contrast, when other comparators—other men—would do the same, VERIZON would chose not to enforce company's policy and they were not as unfavorably reprimanded.

34. Plaintiff was not adequately trained in certain areas like her comparators which created staffing issues in maintaining adequate number of employees in the store, nor received the same benefits, resources or accommodations, such as use of a company vehicle for WOW events and often excluded out of company engagements.

35. The VERIZON's failure to (1) adequately train and support Plaintiff's store with the resources, (2) to properly staff, and (3) schedule her stores constantly created violations in the security procedures beyond Plaintiff's control, VERIZON which was well aware of.

36. Intending to set Plaintiff up for termination, VERIZON placed Plaintiff on nine (9) months of probation unlike her male counterparts, many of those listed above who committed the same business practices yet where not placed on probation or retaliated against with probation. Nor were these comparators eventually terminated for such violations of company policy.

37. Plaintiff made complaints to VERIZON personnel and her managers on or November 2018 thru February 22, 2019.

38. Plaintiff alleges that throughout 2018- 2019, she was subjected to a denial of equitable treatment while employed and frequent hostile comments by VERIZON's employees and supervisors on account of her race, color, sexual orientation and national origin such as: comments about complaints "always" coming from women and excluding her from company functions

39. VERIZON would routinely deviate from its own company policy when it came to comparators that were similarly situated, while ruling with an iron fist when it came towards Plaintiff, even if she was not at fault. By way of example, VERIZON's failure to adequately train and support her store with the resources to properly staff and schedule her stores casually created violations in the security procedures while doing so for other stores in the area.

40. VERIZON failed to provide such Company resources and staffing to Plaintiff because she was the only African-American black female and only African-American black LGBTQ female.

41. When Plaintiff became aware of the bias treatment toward her, she made several attempts to resolve the issues internally at VERIZON by complaining of the above unlawful discrimination to General Manager DAVIS, District Manager POE, Director ZAPATA, and Regional HR Manager KEENAN.

42. Despite complaining of the above unlawful discrimination, VERIZON, General Manager DAVIS, District Manager POE, Director ZAPATA, and Regional HR Manager KEENAN did nothing to correct the situation or provide reasonable assurances to Plaintiff that VERIZON would address her complaints.

43. Moreover, that Plaintiff's complaints were ignored by VERIZON and that nothing was done about such complaints.

44. During Plaintiff's transfer and when she continued to exercise her complaint male colleagues and/or supervisors commented, "**it's always a woman**," who makes complaints.

45. On once instance the VERIZON argue that Plaintiff was the only one working in the store at times, and was in violation of store security policy, but VERIZON fails to provide the alternative to what Plaintiff should have done if the stores were not receiving proper resources to staff more than just her.

46. Despite fearing for her own safety, VERIZON offered no other alternatives to Plaintiff other than opening up her store alone if she was the only employee scheduled.

47. After Plaintiff continued complaints to VERIZON about this issue, instead of protecting her, she was wrongfully written up for violating the two-person policy amount other defendable allegations that one person can simply just not do. Her District supervisors failed to properly

and adequately train Plaintiff nor provide her with the proper support and resources other stores and comparators received.

48. Plaintiff received no response or conclusion from VERIZON about her initial discrimination complaints and was instead terminated on or about February 22, 2019.

49. Plaintiff was terminated in retaliation on or about February 22, 2019 for making her discrimination complaint as part of a protected activity in addition to questioning her write up on tardies when her comparators had not been written up the same and received more favorable treatment.

50. Plaintiff does not appear to have violated company policy nor does VERIZON present any evidence of such occurring or prior to her 2019 termination. More importantly her tardies do not serve as the basis for the Company's termination, and are a delayed response to her discrimination complaint.

51. During Plaintiff employment with VERIZON, she witnessed several occasions where employees of the Defendant VERIZON, discriminated African American VERIZON's employees and made sexist comments to women.

52. By way of example, Defendant VERIZON's male employees and supervisors frequently discriminated against African American and black employees in the workplace by referring to them with emphithets and would say, "loud and ghetto"

53. Defendant VERIZON' employees above comments shocked and greatly offended Plaintiff.

54. At all material times, Defendant VERIZON male employees did not made such comments to Verizon's male employees.

55. Due to the continuing sexual comments by DefendantVERIZON's employees, it appeared to Plaintiff that Verizon had not taken adequate steps to prevent continued unlawful conduct by DefendantVERIZON.

56. On or about February 22, 2019, VERIZON terminated Plaintiff instead of resolving the issues she complained of.

57. At all material times, VERIZON terminated Plaintiff in retaliation for having exercised a protected activity and complaining of her discrimination and harassment while employed. At all material times, Plaintiff complained about discrimination and harassment on the basis of her race (African-American), her sex(female), and sexual orientation (lesbian).

58. The above are just some of the examples of unlawful discrimination and retaliation to which the Respondent subjected Claimant following her race, color, national origin, sex, and because she opposed the unlawful discrimination of Respondents. Based on the circumstances described herein, Respondent unlawfully discriminated against Claimant on the basis of her sex/gender, race, color, and national origin. Based on the above, Claimant believes that she was discriminated against and terminated by Respondent due to her race, color, national origin, sex, and for her opposition to the unlawful conduct in violation of Title VII of the 1964 Civil Rights Act as amended, and applicable state and city laws.

59. The above are just some of the examples of unlawful and discriminatory conduct to which Defendants subjected Plaintiff.

60. Through Defendants' repeated continuous unlawful conduct, discrimination, retaliation, and sexual harassment, Defendants' subjected Plaintiff to an ongoing hostile environment, which lead to her termination.

61. At all material times, Defendant VERIZON knew or should have known of the company's repeated continuous unlawful conduct, discrimination, and sexual harassment, as described above.

62. At all material times, Defendant VERIZON knew or should have known of the company's retaliatory acts and that Plaintiff's termination was a retaliatory act.

63. At all material times, Defendant VERIZON failed to adequately respond to the company's unlawful conduct and failed to prevent the retaliatory acts and that Plaintiff's termination.

64. Plaintiff claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine.

65. Defendant discriminated against and retaliated against Plaintiff because of her sex/gender, race, color, sexual orientation and because she complained or opposed the unlawful conduct of Defendants related to the above-protected classes.

66. At all material times, Defendant's above unlawful conduct interfered and discouraged Plaintiff from continuing her employment with Defendant and from complaining.

67. At all material times, Plaintiff opposed and complained of Defendant's ongoing discrimination, retaliation, and unlawful conduct.

68. As a result of Defendant's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and severely emotionally distressed.

69. As a result of Defendant's continued harassment of Plaintiff, she suffered numerous injuries including physical, economic, and emotional damages.

70. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff also suffered future pecuniary

losses, emotional pain, anxiety, depression, loss of sleep, humiliation, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

71. Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting condition.

72. At all times material, Defendant and its supervisors acted with deliberate indifference to the discrimination and retaliation Plaintiff faced.

73. Plaintiff claims unlawful constructive and/or unlawful actual discharge and also seeks reinstatement

74. As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against Defendant.

**COUNT I: DISCRIMINATION
UNDER TITLE VII
[AGAINST DEFENDANT VERIZON]**

75. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in the previous paragraphs 1 to 74.

76. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2. [Section 703] states in relevant part as follows:

> (a) Employer Practices; it shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her/his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

77. Throughout 2018, Defendant VERIZON allowed their managers to engage in discriminatory practices which resulted in Plaintiff being subjected to a discriminatory hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., as amended.

78. Defendant's harassment of Plaintiff was, in whole or in part because she was a woman, African American, black, and a lesbian.

79. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of her race, color, sexual orientation, and sex/gender.

## COUNT II: RETALIATION
## UNDER TITLE VII
## [AGAINST DEFENDANT VERIZON]

80. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in the previous paragraphs 1 to 74.

81. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

82. Defendant subjected Plaintiff to unlawful discrimination at the workplace based on his conduct toward and comments about women and African Americans.

83. Plaintiff engaged in protected activity when she opposed Defendant's unlawful acts and complained of his acts to VERIZON's HR department and VERIZON's upper management.

84. Because of Plaintiff's complaints of unlawful discrimination, Defendant subjected Plaintiff to increased duties, increased scrutiny, and terminated her.

85. The Defendant's harassment of Plaintiff was, in whole or in part, in retaliation for her complaints of discrimination.

86. The Defendant VERIZON has discriminated against and harassed the Plaintiff in the terms and conditions of her employment in retaliation for her lawfully having engaged in statutorily protected activity and as a result of her complaints of discrimination.

87. At all material times, Defendant VERIZON knew of the hostile work environment and failed to take prompt remedial action or steps to reassure Plaintiff that complaints of discrimination would be quickly corrected.

88. Defendant VERIZON engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e et seq. by retaliating against Plaintiff with respect to the terms, conditions or privilege of employment because of her opposition to the unlawful employment practices of Defendant.

## COUNT III: FCRA §760.10
## DISCRIMINATION
## [AGAINST DEFENDANT]

89. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in the previous paragraphs 1 to 74.

90. At all times relevant to this action, Plaintiff was and is a woman, lesbian, African American, and black.

91. Throughout 2018 and 2019, Defendant VERIZON allowed their manager to Defendant REINMUTH to engage in discriminatory practices which resulted in Plaintiff being subjected to a discriminatory hostile work environment in FCRA.

92. Defendant's harassment of Plaintiff was, in whole or in part because she was a woman, a lesbian, African American, and black.

93. Defendants are prohibited under the FCRA from discriminating against Plaintiff because of her sex/gender, race, and color with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

94. Defendants violated the FCRA by unlawfully discriminating against Plaintiff based her sex/gender, sexual orientation, race, and color.

95. Plaintiff has been damaged by the illegal conduct of Defendants.

## COUNT IV: FCRA
## RETALIATION
## [AGAINST DEFENDANT]

96. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in the previous paragraphs previous paragraphs 1 to 74.

97. Defendant REINMUTH subjected Plaintiff to unlawful discrimination at the workplace based on his conduct toward and comments about women and African Americans.

98. Plaintiff engaged in protected activity when she opposed Defendant REINMUTH's unlawful acts and complained of his acts to VERIZON's HR department and VERIZON's upper management.

99. Because of Plaintiff's complaints of unlawful discrimination, Defendant REINMUTH subjected Plaintiff to increased duties, increased scrutiny, and terminated her.

100. The Defendants' harassment of Plaintiff was, in whole or in part, in retaliation for her complaints of discrimination.

101. The Defendants has discriminated against and harassed the Plaintiff in the terms and conditions of her employment and has denied the Plaintiff continued employment in retaliation for her lawfully having engaged in statutorily protected activity and as a result of her complaints of discrimination.

102. At all material times, Defendants knew of the hostile work environment and failed to take prompt remedial action or steps to reassure Plaintiff that complaints of discrimination would be quickly corrected.

### COUNT V: NEGLIGENT RETENTION DEFENDANT
### [AGAINST DEFENDANT VERIZON]

103. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in the previous paragraphs previous paragraphs 1 to 74.

104. Defendant VERIZON negligently retained Defendant VERIZON's managers.

105. Defendant VERIZON knew or should have known that Defendant VERIZON's managers were dangerous, incompetent, and a threat to do harm to employees under his supervision or working in their office.

106. Defendant VERIZON negligently retained Defendant VERIZON's supervisors and Human Resource employees based on their failure to respond to and address unlawful acts in their office.

107. Defendant VERIZON knew or should have known that VERIZON's manager Defendant REINMUTH and Human Resource employees were dangerous, incompetent, and a threat to do harm to employees under their supervision or working in their office.

108. As direct and proximate consequences of Defendant VERIZON's negligent retention of such managers and employees, Plaintiff has suffered serious physical, psychological, and emotional injuries that have required, or will require in the future, medical and psychological treatment

### COUNT VI: DISCRIMINATION
### UNDER FEDERAL LAW 42 U.S.C. § 1981
### [AGAINST DEFENDANT VERIZON]

109. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in the previous paragraphs 1 to 74.

110. 42 USC § 1981 states in relevant part as follows:

> (a) Statement of equal rights All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. (b) "Make and enforce contracts" defined For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. 42 U.S.C.A. § 1981.

111. Plaintiff, an African American and black woman, was discriminated against by Defendants because of her race, ancestry and ethnicity as provided under 42 USC § 1981 and has suffered damages as set forth herein.

112. Plaintiff claims that Defendants unlawfully discriminated against and terminated Plaintiff because of her race, ancestry and ethnicity.

113. At all material times, Plaintiff's termination and increased duties by Defendants was a "significant change" in employment status.

114. Plaintiff was discriminated against by Defendants because of her race, ancestry and ethnicity as provided under 42 USC Section 1981 and has suffered damages as set forth herein.

115. Defendants allowed the unlawful discrimination towards Plaintiff and employees of her same race, ancestry and ethnicity to continue.

**COUNT VII: RETALIATION
UNDER FEDERAL LAW 42 U.S.C. § 1981
[AGAINST DEFENDANT VERIZON]**

116. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in the previous paragraphs 1 to 74.

117. 42 USC § 1981 states in relevant part as follows:

> (a) Statement of equal rights All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. (b) "Make and enforce contracts" defined For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. 42 U.S.C.A. § 1981.

118. Plaintiff, an African American and black woman, was discriminated against by Defendants because of her race, ancestry and ethnicity as provided under 42 USC § 1981 and has suffered damages as set forth herein.

119. Defendant subjected Plaintiff to unlawful discrimination at the workplace based on his conduct toward and comments about women and African Americans.

120. Plaintiff engaged in protected activity when she opposed Defendant's unlawful acts and complained of his acts to VERIZON's HR department and VERIZON's upper management.

121. Because of Plaintiff's complaints of unlawful discrimination, Defendant subjected Plaintiff to increased duties, increased scrutiny, and terminated her.

122. The Defendant's harassment of Plaintiff was, in whole or in part, in retaliation for her complaints of discrimination.

123. The Defendant's has discriminated against and harassed the Plaintiff in the terms and conditions of her employment and has denied the Plaintiff continued employment in retaliation for her lawfully having engaged in statutorily protected activity and as a result of her complaints of discrimination.

124. At all material times, Defendant's knew of the hostile work environment and failed to take prompt remedial action or steps to reassure Plaintiff that complaints of discrimination would be quickly corrected.

125. Plaintiff claims unlawful retaliation under 42 U.S.C. 1981 for opposition to Defendant's unlawful employment practices and has suffered damages as set forth herein.

**WHEREFORE**, the Plaintiff requests that judgment be entered against the Defendants VERIZON, for damages, including compensatory, consequential, punitive damages if subsequently permitted by this Court, and all equitable relief, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

Dated:   July 13, 2020
         Miami, Florida

Respectfully submitted,
Ligon Law Group, LLC d/b/a PrettySMART Law

_____
Shannon A. Ligon, Esquire
Fla Bar No.:  59191
100 Biscayne Blvd. #1114
Miami, FL 33132
Phone: 888.779.7426
Fax 305.675.6190
Email: PrettySMARTLaw@gmail.com
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on July 13, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of the Notices of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically transmitted Notices of Electronic Filing.